FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 1 0 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL W. IWACHIW,

                Plaintiff,

-against-

WALTER IWACHIW,

                Defendant.
-----------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-3608 (SJF)(SIL)

FEUERSTEIN, District Judge:

On or about May 17, 2012, plaintiff Michael W. Iwachiw ("plaintiff") commenced this action against defendant Walter Iwachiw ("defendant") in the Supreme Court of the State of New York, County of Queens ("the state court").[1] On June 12, 2015, defendant, acting *pro se*, filed: (1) a Notice of Removal removing the action to this Court pursuant to, *inter alia*, 28 U.S.C. § 1441(a) on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*; (2) an application to proceed *in forma pauperis*; and (3) an application for the appointment of *pro bono* counsel to represent him in this case. Since plaintiff's financial status, as set forth in his application to proceed *in forma pauperis*, qualifies him to commence this action in this Court without prepayment of the filing fee, see 28 U.S.C. §§ 1914 and 1915(a), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the action is remanded to the state court pursuant to 28 U.S.C. § 1447(c). Given the remand, the request for the appointment of *pro bono* counsel is denied without prejudice to renewal in the state court.

---

[1] *See* Notice of Removal at ¶ 16 citing the state court case as *Iwachiw v. Iwachiw*, Index No. 10469/12 (Sup. Ct., Queens Cty.) [Federal Docket Entry No. 1 at page 5]. Because defendant has not filed a copy of the complaint with his notice of removal, the nature of plaintiff's claims or the relief sought is unknown notwithstanding defendant's attempted description thereof.

## DISCUSSION

1. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant* or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b).

"[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (quotations and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs.,

2

841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Defendant seeks to remove this action to this Court more than three (3) years after it was filed in the state court. Attached to the Notice of Removal is, *inter alia*, a copy of the state court's docket sheet indicating, in relevant part, that on June 1, 2012, shortly after plaintiff filed the summons and complaint, an affidavit of service, presumably relating to the service of process upon defendant, was filed in the state court. Moreover, the state court's docket sheet shows that the parties engaged in motion practice, including the filing of opposition papers and cross motions, in the state court as early as May 2013 and, in fact, defendant attached to his Notice of Removal a "Notice of Motion to Dismiss," dated October 12, 2014, that he had filed in the state court. Thus, defendant cannot show that his notice of removal was timely filed under Section 1446(b).

Moreover, although defendant has annexed approximately two hundred forty-four (244) pages of exhibits to his Notice of Removal, he has failed to attach a copy of "all process, pleadings, and orders" served upon him in the state court action, as required by Section 1446(a). Accordingly, this action is remanded to the state court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-cv-1619, 2011 WL 2470742, at * 1 (E.D.N.Y, May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a *sua sponte* remand within thirty [30] days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure within thirty [30] days after the filing of the notice of removal).

Remand to the state court is also appropriate because defendant, who has a long history of frivolous litigation in this Court, has been "enjoined from bringing any future proceedings in the Eastern District of New York without prior permission of this Court[,]" see Iwachiw v. New York State Dept. of Motor Vehicles, et al., 02-CV-6699(ADS)(WDW), Document No. 30 at 4, and he did not seek, and was never granted, permission to bring this action in this Court prior to filing his Notice of Removal. Accordingly, this action is remanded to the state court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, County of Queens pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/
Sandra J. Feuerstein
United States District Judge

Dated: July 10, 2015
Central Islip, New York